IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEWAYNE RICHARDSON, :
:
Plaintiff, : CIVIL NO. 4:10-CV-1009
:
v. : (Judge McClure)
:
UNITED STATES OF AMERICA, *et al.*, :
:
Defendants. :

### **MEMORANDUM and O R D E R**

June 22, 2010

**BACKGROUND**

Plaintiff Dewayne Richardson ("Plaintiff" or "Richardson"), an inmate confined at the Federal Correctional Institution - Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of 28 U.S.C. § 1331. He also has filed a motion for leave to proceed *in forma pauperis*. (Rec. Doc. No. 8.) Based upon the request to proceed *in forma pauperis*, the Complaint is before the Court for screening under 28 U.S.C. § 1915.

For the reasons set forth below, the Complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Two of Richardson's claims will be dismissed with prejudice.

The other two claims will be dismissed without prejudice, and Richardson will be given the opportunity to file an amended complaint as to those claims.

**ALLEGATIONS OF COMPLAINT**

Richardson identifies the following four "causes of action" in his Complaint:

**I.     First Cause of Action: Administration of Wrong Medication**

Richardson states his first cause of action as "Being given the wrong medication out of deliberate indifference to the Plaintiff's health and attempting to cover the Medical Mistake." (*See* Doc. 1 ¶ 20.) In this section of his Complaint, Richardson alleges that, on October 21, 2008, Defendant Rocess, a Physician Assistant ("PA"), gave him the wrong medication during the noon pill line and that Richardson did not realize that he had another inmate's medication until after he had taken it. (*See id.* ¶¶ 20-28.) Richardson explains that he and the other inmate have the same last name, and different first names. (*See id.* ¶ 24.) Richardson alleges that, upon realizing the medication was not his at approximately 3:45 that afternoon, he immediately returned to the medical unit and informed Defendants Weldlich, Powanda, as well as Lieutenants Stalls and Shepard, that he had taken the wrong medication. (*See id.* ¶¶ 24, 27.) He claims that, although he requested to know what he had been given, that the incident be documented, and that he be provided with an

injury assessment and follow-up form, he was "denied." (*See id.* ¶ 28.)

In a subsection labeled "Retaliation", Richardson further alleges that, after informing these FCI Allenwood staff members that he had been given the wrong medication, he was "treated in a very disrespectful manner and refused medical treatment." (*See id.* ¶ 30.) He claims that, after he started to exhaust his administrative remedies concerning this issue, "staff started harassing him and shaking down his cell and removing items which were personal, such as grievances, mail (Legal) opening (legal Mail) and denying him treatment for a sleep disorder." (*See id.* 31.) Richardson alleges that Defendants Powanda, Weldlich, Dewald, and Lieutenant Stalls, who is not named as a Defendant in the caption of the Complaint, "attempted to cover up this medical mistake by writing in the medical report that the plaintiff stated that he was alright and was not having symptoms when the plaintiff informed staff that he felt dizzy, disoriented, stomach was upset, and have since been having memory loss." (*See id.* ¶ 32.)

## II.     Second Cause of Action: Retaliation for Filing Grievances

In his second cause of action, Richardson alleges that "the Defendants" retaliated against him for filing grievances by confiscating his personal property, refusing to pay him the money he requested in an Administrative Tort claim, and

3

failing to return or mail home his personal property. (*See id.* ¶ 33.) He elaborates by alleging that, on May 11, 2008, "three (b) Staff Counselor" entered his cell out of retaliation for his having filed grievances. (*See id.* ¶ 34.) He claims that a staged shake down occurred during which *all* inmates were removed from the unit such that staff members could confiscate, destroy, and steal their property without being held accountable. (*See id.* ¶ 35.) Richardson alleges that Defendant Sweithelm, a Correctional Counselor at FCI Allenwood, informed Richardson that he had confiscated both Richardson's and his cellmate's shoes, and that three (3) pairs of Richardson's shoes would have to be either mailed home or destroyed. (*See id.* ¶ 36.) Richardson claims that his shoes were confiscated out of retaliation and that, despite his request that his shoes be mailed to his mother, the shoes never arrived at her home. Richardson alleges that Property Lieutenant Barber investigated and informed him that he never received Richardson's shoes and they were never mailed out. (*See id.* ¶¶ 41, 42.) Richardson then filed an Administrative Tort Claim on August 5, 2008 requesting to be compensated in the amount of $172.30 for his property loss. (*See id.* ¶ 43). Although he was offered a settlement in the amount of $69.00, Richardson rejected the offer as unacceptable. (*See id.* ¶ 44).

**III.    Third Cause of Action: Denial of Adequate Medical Treatment**

Richardson describes his third cause of action as "Denial of adequate medical treatment, evaluation and or the opportunity to be seen by a professional to determine what treatment is needed for plaintiff's sleeping disorder." (*See id.* ¶ 45.) Richardson identifies his sleeping disorder as "excessive snoring," and claims that he has either been denied or ignored when he has sought relief for his snoring from Defendants Sweithelm Rackovan, and Dewald. (*See id.* ¶¶ 45-48.)

**IV.    Fourth Cause of Action: Opening of Legal Mail Outside Plaintiff's Presence**

In his fourth cause of action, Richardson alleges that Defendants Wolver, Pawlings, Shanks, Ebbert, Clemens, Raleigh, Ey, Lara, and Nickline have, on several occasions, opened, read, and copied legal documents that were mailed to him from his attorney, the courts, the U.S. Attorney's Office, and the U.S. Department of Justice. (*See id.* ¶ 49.) He claims that this opening of mail violates his First Amendment rights to attorney-client privilege and to confidentiality. (*See id.,* Fourth Cause of Action.) Richardson further alleges that Defendants Ebbert, Clemens, Raleigh, Ey, and Nickline all have a duty as supervisors at FCI Allenwood to not "sit idly by" while his rights are being violated. (*See id.* ¶ 50.)

Plaintiff requests injunctive and declaratory relief, as well as compensatory and

5

punitive damages for the above alleged violations. (*See id.* at 13-16.)

**LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended

complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

**DISCUSSION**

**I.     Deliberate Indifference Claims- First and Third Causes of Action**

In his first and third causes of action, Richardson alleges that members of the FCI Allenwood staff exhibited deliberate indifference to his serious medical needs in giving him the wrong medication and in failing to provide treatment for his snoring. In order to establish an Eighth Amendment claim against a defendant for inadequate medical care, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth County Corr.*

7

*Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 841. "The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Thus, a complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." *Estelle*, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll*, 991 F.2d 64, 67 (citations omitted.)

With regard to Richardson's claim regarding the one instance in which he was given another inmate's medication, he fails to state a claim upon which relief may be granted. As the Third Circuit Court of Appeals observed in *Hampton v. Holmesburg*

8

*Prison Officials*, 546 F.2d 1077 (3d Cir. 1976), "[t]o establish a constitutional violation, the indifference must be *deliberate* and the actions *intentional*." 546 F.2d at 1081 (emphasis added). The Court also observed that "[n]eglect, carelessness, or malpractice is more properly the subject of a tort action in the state courts." *Id.* As such, where an inmate alleges that, on one occasion, he was mistakenly given another inmate's medication, that allegation is insufficient to establish a violation of his constitutional rights. *See Shank v. Metcalf*, 1989 WL 115219 (E.D. Pa. Oct. 2, 1989) (plaintiff failed to allege violation of his constitutional rights where complaint centered on one occasion when he was given wrong medication).

Richardson also fails to state a claim with regard to his allegation that the failure of staff at FCI Allenwood to provide him with medical treatment for his snoring constitutes deliberate indifference to a serious medical need. The objective component of an Eighth Amendment claim, *i.e.,* whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. *Hudson v. McMillian,* 503 U.S. 1 (1992.) A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Lanzaro,* 834 F.2d at 347; *West v. Keve,* 571 F.2d 158, 162-63 n. 6 (3d Cir. 1979). The serious

medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *See Lanzaro,* 834 F.2d at 347. We find that Richardson's snoring, although possibly annoying to other inmates, does not constitute a serious medical need such that the denial of treatment for this condition "would result in the unnecessary and wanton infliction of pain." *See Estelle*, 429 U.S. at 103. Therefore, we conclude that Richardson fails to state a claim upon which relief may be granted with regard to his allegation that members of the FCI Allenwood staff were deliberately indifferent in not providing treatment for his snoring.

## II.     Retaliation Claim- Second Cause of Action

In his second cause of action, Richardson alleges that FCI Allenwood staff retaliated against him for filing grievances by confiscating three pairs of his shoes, failing to mail his shoes to his mother's home, and failing to pay him for the lost shoes. (*See* Doc. 1 ¶¶ 33-44.) In order to state a retaliation claim, a plaintiff must satisfy three elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Second, an inmate plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id.* (quoting *Allah v. Seiverling*, 228 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "'sufficient

to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Id.* at 333 (quoting *Allah*, 229 F.3d at 225). Third, a prisoner plaintiff must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." *Id.* at 333 (quoting *Mount Healthy Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *Suppan v. Dadonna*, 203 F.3d 228. 235 (3d Cir. 2000).

Richardson has not alleged facts which raise a reasonable inference that his filing of grievances was a substantial or motivating factor for confiscating his shoes and failing to mail them to his mother, particularly where he alleges that all inmates were subject to the search that led to the confiscation of his shoes. (*See* Doc. 1 ¶ 35.) Consequently, Richardson fails to state a retaliation claim upon which relief may be granted.[1]

## III.  Legal Mail Claim- Fourth Cause of Action

---

[1] Richardson alleges that, on or about August 5, 2008, he filed an administrative tort claim regarding the loss of his shoes. (*See* Rec. Doc. No. 1 ¶ 43.) He states that his claim was disposed of when a settlement offer was made on August 11, 2008. To the extent Richardson is attempting to pursue an FTCA claim in this action, because he failed to file the instant action within six (6) months of the disposition of his administrative claim, his claim is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.")

11

Richardson alleges that, on several occasions, Defendants Wolver, Pawlings, Shanks, Ebbert, Clemens, Raleigh, Ey, Lara, and Nickline have opened, read, and copied legal documents that were mailed to him from his attorney, the courts, the U.S. Attorney's Office, and the U.S. Department of Justice. (*See id.* ¶ 49.) He claims that this opening of mail violates his First Amendment rights to attorney-client privilege and to confidentiality. (*See id.,* Fourth Cause of Action.)

The Federal Bureau of Prisons ("BOP") has adopted a policy with respect to the handling of legal mail. The relevant portion of that policy provides as follows:

> **§ 540.18 Special mail.**
>
> (a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate".
>
> (b) In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.

28 C.F.R. § 540.18(a) and (b). Richardson has not alleged whether the mail Defendants Wolver, Pawlings, Shanks, Ebbert, Clemens, Raleigh, Ey, Lara, and Nickline allegedly opened was adequately identified such that the opening would have

12

constituted a violation of the above BOP policy. As such, he has failed to state a claim of improper opening of his legal mail in violation of his First Amendment rights.

## IV. Amended Complaint

In dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114. Because no amendment to Richardson's claims that he was given the wrong medication on one occasion and that he has not received proper medical treatment for his snoring would produce deliberate indifference claims upon which relief may be granted, amendment would be futile, and dismissal of these claims will be with prejudice.

However, Richardson's other claims will be dismissed without prejudice. Specifically, to the extent that Richardson believes he can state a retaliation claim by alleging facts which raise a reasonable inference that his filing of grievances was a substantial or motivating factor for confiscating his shoes and failing to mail them to his mother, and that he can also allege facts to state a claim that his legal mail was opened outside his presence in violation of his First Amendment rights, he is invited to do so by filing an amended complaint on or before July 7, 2010. The amended complaint must be a self-contained document, and should not refer back to the original

13

complaint. It should address the deficiencies discussed above with respect to the retaliation and legal mail claims. Any new claims Richardson attempts to raise, or any attempts to re-state the claims that are being dismissed with prejudice, will be stricken. Failure to file an amended complaint within the required time will result in this action being dismissed with prejudice. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Rec. Doc. No. 8) is **GRANTED**.

2. Plaintiff's deliberate indifference claims set forth in his first and third causes of action are **DISMISSED WITH PREJUDICE** for the reasons stated herein.

3. Plaintiff's retaliation and legal mail claims set forth in his second and fourth causes of action are **DISMISSED WITHOUT PREJUDICE.**

4. Plaintiff is granted leave to file an amended complaint as specified above on or before July 7, 2010. Failure to do so within the specified time will result in this action being dismissed with prejudice.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge